Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 200619-94153
DATE: July 14, 2021

REMANDED

Entitlement to service connection for atherosclerosis with claudication and carotid stenosis as secondary to post-traumatic stress disorder (PTSD) with a history of a concussion/traumatic brain injury (TBI) is remanded.

Entitlement to service connection for scarring of the right leg and pelvic area as secondary to atherosclerosis with claudication and carotid stenosis is remanded.

REASONS FOR REMAND

The Veteran served on active duty from March 1968 to April 1970, to include combat service in Vietnam. His decorations include the National Defense Service Medal, Vietnam Service Medal with one star, Vietnam Campaign Medal with device, and the Combat Action Ribbon.

A rating decision was issued under the legacy system in January 2018. In April 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) option. The Agency of Original Jurisdiction (AOJ) issued an AMA rating decision pursuant to RAMP in September 2018.

In September 2019, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of the September 2018 RAMP rating decision. In November 2019, the AOJ issued a rating decision, which found that new and relevant evidence had not been received and denied the claim. In the January 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Direct Review option.

In April 2020, the AOJ rejected the 10182 but issued the rating decision on appeal, which found that new and relevant evidence had been received to readjudicate both issues and denied the claims based on the evidence of record.

In the June 2020 VA Form 10182, Decision Review Request: Board Appeal (NOD), the appellant elected the Hearing option. Therefore, the Board may only consider the evidence of record at the time of the April 2020 AOJ decision on appeal, as well as any evidence submitted by the appellant or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

The Veteran testified at a February 2021 Board AMA virtual hearing before the undersigned VLJ. A transcript of this hearing has been reviewed and associated with the Veteran's claims file.

1. Entitlement to service connection for atherosclerosis with claudication and carotid stenosis as secondary to PTSD with a history of a concussion/TBI is remanded.

The record indicates that the Veteran's atherosclerosis with claudication and carotid stenosis may be due to smoking as a way of self-medicating to cope with his PTSD. The Veteran is service-connected for PTSD with a history of a concussion/TBI. Additionally, the Veteran has an extensive history of tobacco use.

The Veteran has provided a number of lay statements discussing how he has smoked heavily and continuously since service to help minimize his PTSD symptoms, which in turn caused his atherosclerosis with claudication and carotid stenosis. The Veteran asserted that his, "symptoms of PTSD have resulted in an excessive increase in smoking in order to deal with the overwhelming feelings of stress." See Lay Statement dated September 2019. During his February 2021 hearing, the Veteran testified that he started smoking on December 27, 1969 after sustaining a combat injury. He noted that he had been smoking to self-medicate for years because of his PTSD since it would help him calm down. See Hearing Transcript dated February 2021.

In a letter received in September 2019, the Veteran's private physician wrote,

Until recently, he was smoking heavily. Cigarette smoking is a clear etiological risk factor for all these conditions. There has been some suggestion that hypercholesterolemia was the main etiological factor and while this no doubt contributes to vascular disease, I think in [his] case the clear etiology is cigarette smoking. [He] states that he has been smoking since his days in Vietnam and has been using smoking to "self-medicate" to cope with his post-traumatic stress disorder...Due to the unfortunate side effect of mediation, [he] reports he is experiencing increased post-traumatic stress and therefore has been smoking more cigarettes to cope with this condition.

With respect to a tobacco-related disability, for claims filed after June 9, 1998, Congress has prohibited the grant of service connection for disability due to the use of tobacco products during active service. 38 U.S.C. § 1103(a). However, VA's Office of General Counsel has held that neither 38 U.S.C. § 1103(a), nor its implementing regulations at 38 C.F.R. § 3.300, bar a finding of secondary service connection for a disability related to use of tobacco products after service. VAOPGCPREC 6-2003 (October 28, 2003).

According to VAOPGCPREC 6-2003, the questions that adjudicators must resolve with regard to a claim for service connection for a tobacco-related disability alleged to be secondary to a disability not service connected on the basis of being attributable to the Veteran's use of tobacco products during service are: (1) Whether the service-connected disability caused the Veteran to use tobacco products after service; (2) if so, whether the use of tobacco products as a result of the service-connected disability was a substantial factor in causing a secondary disability; and (3) whether the secondary disability would not have occurred but for the use of tobacco products caused by the service-connected disability. If these questions are answered in the affirmative, the secondary disability may be service connected.

In this case, the private medical opinion received in September 2019 addressed the first two questions but did not address the last question. As the Veteran's tobacco use has been attributed to his PTSD with a history of a concussion/TBI, the duty to assist was triggered to explore service connection pursuant to VAOPGCPREC 6-2003.

Therefore, as the private opinion did not fully address the questions required in regard to a claim for service connection for a tobacco-related disability, the Board finds that it was a pre-decisional duty to assist error when VA did not obtain an addendum opinion addressing whether the atherosclerosis with claudication and carotid stenosis would not have occurred but for the use of tobacco products caused by the service-connected PTSD with a history of a concussion/TBI and remand is required.

2. Entitlement to service connection for scarring of the right leg and pelvic area as secondary to atherosclerosis with claudication and carotid stenosis is remanded.

In November 2017, the Veteran filed a claim for "Scarring of my right leg and pelvic area due to surgery for atherosclerosis." See VA 21-526EZ Form dated November 2017. The Veteran, his representative, and the record raise no other theory of service connection. As a result, the Board will limit its analysis to the theory advanced by the Veteran. Robinson v. Peake, 21 Vet. App. 545, 552-56 (2008).

As the Veteran has asserted that his scarring of the right leg and pelvic area is due to his atherosclerosis with claudication and carotid stenosis, and the atherosclerosis with claudication and carotid stenosis claim is being remanded. The Board finds that these issues are inextricably intertwined and that the identified pre-decisional duty to assist error as to the primary claim under 38 C.F.R. § 20.802(a) extends to the secondary claim. 

However, the Board may not order any development for the second claim unless there was a pre-decisional duty to assist error in failing to conduct such development. This is because the failure to obtain an opinion regarding whether the secondary disability is caused or aggravated by the primary disability cannot constitute a pre-decisional duty to assist error by the AOJ when service connection has not yet been established for a primary disability. 38 C.F.R. § 3.159(c)(4)(i)(C) (A medical examination or medical opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim, but indicates that the claimed disability or symptoms may be associated with an established event, injury, or disease in service or with another service-connected disability.) (emphasis added).

The Veteran has not raised, and the Board did not identify, any pre-decisional duty to assist error with respect to the secondary disability.

Accordingly, the matters are REMANDED for the following action:

1. Request a medical opinion addressing the Veteran's atherosclerosis with claudication and carotid stenosis. In-person examination is not required unless deemed necessary by the examiner.

For purposes of this examination, the examiner should operate on the premise that the Veteran (1) currently has atherosclerosis with claudication and carotid stenosis and (2) that his use of tobacco products was caused by his service-connected PTSD with a history of concussion/TBI.

Based upon a review of the entirety of the claims file, the examiner is requested to provide an opinion as to the following question:

Is it at least as likely as not (50 percent or greater probability) that the Veteran's atherosclerosis with claudication and carotid stenosis would not have occurred but for the use of tobacco products caused by the service-connected PTSD with a history of a concussion/TBI?

Explanations for all opinions must be provided. In providing the requested rationale, the examiner is asked to cite to the pertinent evidence of record. 

 

LAURA E. COLLINS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K. Bristor

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.